UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

**Michael R. Hess,**                                          Chapter 7 Case
     **Debtor.**                                              # 06-10068

| | | |
|---|---|---|
| Appearances: | John Darcy Toscano, Esq. | Kim F. Lefebvre, Esq. |
| | Bennington, VT | Assistant U.S. Trustee |
| | Attorney for Debtor | Albany, NY |

In re:

**Danielle Madore**
   **f/k/a Danielle Jones,**                                  Chapter 7 Case
     **Debtor.**                  Filed & Entered              # 06-10026
                                On Docket

| | | |
|---|---|---|
| Appearances: | Margot L. Stone, Esq. | Kevin Purcell, Esq. |
| | Harris & Stone, P.C. | Office of the U.S. Trustee |
| | Brattleboro, VT | Albany, NY |
| | Attorney for Debtor | Attorney for U.S. Trustee |

## MEMORANDUM OF DECISION
### WITHDRAWING ORDERS TO SHOW CAUSE AND DENYING MOTION TO DISMISS

The above referenced debtors each filed a bankruptcy petition without the required proof of pre-petition credit counseling. The plain language of the Bankruptcy Code's new eligibility provisions appears to mandate dismissal of the cases. However, there are extraordinary circumstances present that beg the question of whether dismissal is mandatory. The Court determines whether, under the totality of the circumstances presented, it has discretion to allow the cases to proceed, notwithstanding the procedural eligibility defect. The Court relies upon the rules of statutory construction to discern whether the circumstances presented permit the Court to look beyond the plain language of the eligibility statute, and then, finding that they do, examines whether, under the totality of circumstances in each case, dismissal is proper. For the reasons set forth below, the Court grants each debtor an exemption from the pre-petition credit counseling requirement and denies dismissal of both cases.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

#### *In re Michael R. Hess*

On March 2, 2006, Michael R. Hess filed a petition seeking relief under chapter 7 of the Bankruptcy Code. Mr. Hess marked the box on page 2 of his petition indicating that he had received consumer credit counseling during the 180-day period prior to the filing of his case, as required by § 109(h)(1), however, Mr. Hess failed to file a certificate of credit counseling with his petition, as required by Bankruptcy Rule

1007(b)(3) and (c).

On March 2, 2006, the Court issued an order directing Mr. Hess to appear and show cause why his chapter 7 case should not be dismissed due to his apparent ineligibility for relief, as demonstrated by his failure to file a certificate of pre-petition credit counseling. In response, Mr. Hess filed a Motion to Extend Time to Obtain Credit Counseling, indicating that he had obtained credit counseling from the Consumer Credit Counseling Service of New Hampshire & Vermont ("the Counseling Agency") on December 14, 2005, and filed his petition on March 2, 2006, under the impression that he was in compliance with the requirement for credit counseling within 180 days of the petition. The record indicates that the Counseling Agency informed Mr. Hess' attorney that it could not issue a certificate for the pre-petition session because it was not an authorized provider as of that date (doc. # 19 Affidavit of Attorney Toscano ¶ 8). The Debtor attended another credit counseling session on March 13, 2006, obtained a certificate of credit counseling referencing that latter session, and filed that certificate with the Court on March 13, 2006 (doc. # 14), eleven days after his bankruptcy case was filed.[1]

After the hearing, the Court granted the Debtor and the U.S. Trustee an opportunity to investigate the facts set forth by the Debtor and to file memoranda of law addressing the circumstances surrounding the Debtor's pre-petition counseling session, the Counseling Agency's refusal to issue a certificate for that session, the Debtor's failure to file a certificate of pre-petition counseling, and whether the Debtor's failure to obtain pre-petition credit counseling and file the required certificate made him ineligible for bankruptcy relief under §109(h). Based upon her investigation of these issues, the U.S. Trustee decided not to seek dismissal of the Hess case. Therefore, the only matter pending in this case is the Court's order to show cause why the case should not be dismissed.

## *In re Danielle Madore*

On February 6, 2006, Danielle Madore filed a petition seeking relief under chapter 7 of the Bankruptcy Code. Like Mr. Hess, Ms. Madore marked the box on page 2 of her petition indicating that she had received consumer credit counseling during the 180-day period prior to the filing of her case, per §109(h)(1), but failed to file a certificate of credit counseling with her petition, as required by Bankruptcy Rule 1007(b)(3) and (c).

On February 6, 2006, the Court issued an order directing Ms. Madore to appear and show cause why her chapter 7 case should not be dismissed based upon her apparent ineligibility for relief, as demonstrated by her failure to file a certificate of pre-petition credit counseling (doc. # 8). In response, Ms. Madore filed a certificate of credit counseling dated February 10, 2006 (doc. # 7), showing that the Debtor obtained credit counseling from an approved agency four days after she filed her petition. On February 22, 2006, the Court

---

[1] The facts of this case mirror those previously before the Court in In re Davey, 2006 WL 898101 (Bankr. D. Vt. April

2

issued another order directing the Debtor to show cause why the case should not be dismissed based upon the Debtor's failure to obtain pre-petition counseling (doc. # 8).  The U.S. Trustee filed a memorandum of law seeking dismissal of the case under §707(a) asserting that "cause" exists to dismiss the case based upon the Debtor's failure to obtain pre-petition credit counseling, and her failure to demonstrate eligibility for an exemption from the pre-petition credit counseling requirement (doc. #  10).

Ms. Madore filed a request for an order extending the time within which she could obtain credit counseling (doc. #11), accompanied by an affirmation by her attorney, Margot Stone (doc. # 13) (collectively, the "Madore Request"), that state the following: Attorney Stone suffered a life threatening medical event (advanced breast cancer that required immediate medical intervention, multiple surgeries, and radiation treatments) at the time the Debtor was preparing to file for bankruptcy relief.  Attorney Stone went to her law office in the middle of her medical leave for the purpose of meeting with the Debtor, to obtain the Debtor's signature on the petition and other documents, and to review with the Debtor the requirements with which the Debtor had to comply before her case could be filed.  After the meeting, Attorney Stone placed the signed petition, schedules and cover letter in a priority mail envelope in her office, ready to be sent to court upon receipt of the certificate of credit counseling.  As fate would have it, though, while Attorney Stone was out of the office recovering from emergency surgical procedures, an employee found the envelope, presumed the case was ready to be filed and mailed the envelope without the certificate of credit counseling.  Attorney Stone points out that she represents Ms. Madore on a *pro bono* basis and argues that both she and her client did everything each of them could possibly have done to comply with the statute, that the law office error that caused the petition to be filed four days prior to Ms. Madore's completion of credit counseling was a direct consequence of her extraordinary medical circumstances, and that the Court has discretion to deny dismissal of Ms. Madore's case under the totality of these circumstances.

The U.S. Trustee's memorandum of law opposing the Debtor's request for an extension (doc. # 12) alleges that the Debtor's failure to obtain pre-petition counseling, failure to demonstrate compliance with all three prongs of the test for an exemption from the pre-petition credit counseling requirement, and the Debtor's resulting ineligibility for relief de facto constitute cause for dismissal under §707(a).

## ISSUES PRESENTED

Although the Hess and Madore cases present different facts, they have strikingly similar procedural histories, and present identical legal issues: first, whether a debtor's failure to meet the eligibility requirements set forth in §109(h) mandates dismissal of a chapter 7 case, or if the bankruptcy court has discretion to grant relief despite technical ineligibility; and second, if the court does have discretion, whether the instant cases present facts that justify an exemption from the pre-petition credit counseling requirement.

---

4, 2006).

3

## JURISDICTION

It is undisputed that these contested matters are core proceedings, and that the Court has jurisdiction over them pursuant to 28 U.S.C. § 157(b)(1).

## DISCUSSION

### A. DO THE RULES OF STATUTORY CONSTRUCTION PERMIT THE EXERCISE OF DISCRETION?

There are three rules of construction that are particularly apropos to the issues presented. They are in essence, the supremacy of the plain language when a statute is clear, the duty to avoid an application of the statute that would cause injustice and the relevance of context, and Congressional intent when construing a new statute.

<u>1. The Plain Language of the New Eligibility Statute</u>

The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") requires each individual seeking bankruptcy relief to obtain pre-petition credit counseling and file a certificate thereof as a predicate of eligibility for bankruptcy relief.

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1); <u>see also</u> <u>In re Henderson</u>, 339 B.R. 34, 37 (Bankr. E.D. N.Y 2006). However, the requirement for pre-petition credit counseling is not absolute. Section 109(h) provides that, under certain enumerated circumstances, a debtor may qualify for either a waiver of this requirement[2] or an "exemption" from the pre-petition counseling obligation.[3] Whereas the waiver of the requirement is permanent, the so-called exemption is temporary and is tantamount to an extension of time that expires 30 days after the date the petition is filed, unless extended further by the court, for cause, to a maximum extension of 45 days after the date the petition is filed.[4] In order to qualify for the exemption, a debtor must establish three elements:

> (h)(3) (A) Subject to subparagraph (B), the [pre-petition credit counseling] requirements of paragraph (1)shall not apply with respect to a debtor who submits to the court a certification that –
> (i) describes exigent circumstances that merit a waiver of

---

[2] if (i) there are no approved credit counseling agencies in the district . . . ,or (ii) the debtor is incapacitated, disabled or in active military duty in a military combat zone, under subparagraph (h)(4).

[3] for exigent circumstances under subparagraph (h)(3), as is more fully described below.

[4] At least one court has observed that designating this as an exemption rather than an extension in § 109(h)(3)is "misleading diction", <u>In re Elemndorf, et al.</u>, 2006 WL 1984793, *5 (Bankr. S.D. N.Y. July 18, 2006).

4

       the requirements of paragraph (1);
   (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (2) during the 5-day period beginning on the date on which the debtor made that request; and
   (iii) is satisfactory to the court.

11 U.S.C. §109(h)(3). Courts have interpreted the plain wording of this subsection to mean that the three requirements must be read conjunctively. In re Graham, 336 B.R. 292, 296 (Bankr. W.D. Ky. 2005); In re Cleaver, 333 B.R. 430, 434-35 (Bankr. S.D. Ohio 2005); In re Watson, 332 B.R. 740, 745 (Bankr. E.D. Va. 2005).

  The published decisions that have addressed §109(h) during the nine months since the effective date of BAPCPA all hold that a case must be dismissed if the debtor did not receive credit counseling prior to filing for bankruptcy relief, or seek and receive a waiver of exemption from that requirement. Each of these courts reached this determination without reference to whether it might have had discretion under §707(a) to do otherwise. In re Hedquist, 342 B.R. 295, 297 (8th Cir. BAP 2006) (bankruptcy courts have no discretion but to dismiss a case when the debtor fails to file a certification in compliance with the credit counseling provisions of §109); In re Cleaver, 333 B.R. 430 (Bankr. S.D. Ohio 2005) (§109(h)(3) is "unequivocal and allows for no other excuse or exception"); see generally, In re Ross, 338 B.R. 134 (Bankr. N.D. Ga. 2006); In re DiPinto, 336 B.R. 693 (Bankr. E.D. Pa. 2006); In re Sosa, 336 B.R. 113 (Bankr. W.D. Tex. 2005); In re Rodriguez, 336 B.R. 462 (Bankr. D. Idaho 2005); In re Talib, 335 B.R. 417, reconsideration denied, 335 B.R. 424 (Bankr. W.D. Mo. 2005); In re Childs, 335 B.R. 623 (Bankr. D. Md. 2005); In re Watson, 332 B.R. 740 (Bankr. E.D. Va. 2005); In re Gee, 332 B.R. 602 (Bankr. W.D. Mo. 2005). This Court, too, has issued several orders dismissing cases when a debtor failed to establish all three criteria of the exemption provision. See In re Westover, 2006 WL 1982751 (Bankr. D. Vt. July 11, 2006). These decisions are all based upon the bedrock rule of statutory construction that when the court is presented with a new statute and very limited interpretive case law, the court's analysis must begin with the statutory language. "The task of resolving the dispute over the meaning of [a code section] begins where all such inquiries must begin: with the language of the statute itself . . . [W]here . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' ". In re Cleaver, 333 B.R. at 432 (citing United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989)). The Supreme Court has recently reiterated this important principle in Arlington Central School Bd. Of Education vs. Murphy , ___ US ___ , 126 S.Ct. 2455, 2459 (2006).

  The Supreme Court has also recognized that when strict application of the plain language would result in manifest injustice, judicial discretion must be exercised. See Rector, Etc of Holy Trinity Church v. United States, 143 U.S. 457, 459 (1892). The facts of the Hess and Madore cases compel the Court to invoke this

5

rule of statutory construction. The Court thus scrutinizes the new statute to ascertain whether and where it must deviate from the plain language in order to avoid crossing over from strict enforcement to injustice.

Since §109(h) does not expressly articulate the consequences of a debtor's failure to establish the criteria for the exigent circumstances exemption, it is appropriate for the Court to consider other provisions of the Bankruptcy Code that relate directly to the relief sought, and the jurisprudence that has developed under the sections of the code that were not changed by BAPCPA, to determine those consequences. See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242-43 (1989). The most pertinent and salient statutory resources are other subsections of the eligibility statute, the provision of the Bankruptcy Code that specifically addresses dismissal of chapter 7 cases, and other provisions of BAPCPA where Congress explicitly circumscribed the courts' discretion.

### 2. Judicial Discretion under the Dismissal Statute

Since the U.S. Trustee has moved for relief under §707(a), we start with an analysis of that provision, which states, in pertinent part:

> The court may dismiss a case under [chapter 7] after notice and a hearing, and **only for cause**, including --
> (1)   unreasonable delay by the debtor that is prejudicial to creditors;
> (2)   nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3)   failure of the debtor in a voluntary case to file . . . . the information required by paragraph (1) of § 521, but only on a motion by the United States Trustee.

11 U.S.C. §707(a) [emphasis added]. This is appropriate since § 707 is the exclusive statutory mechanism for dismissing chapter 7 cases. The U.S. Trustee argues that since Ms. Madore failed to establish all three criteria for an exemption under §109(h)(3), she is not eligible for relief, and this constitutes "cause" for dismissal under §707(a). See U.S. Trustee's memorandum of law (doc. # 12) at p. 7. However, she offers no rationale for why failure to comply with § 109(h) is *per se* cause for dismissal.

The decision of whether to grant or deny a motion to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge. In re Sherman, 441 F.3d 794, 813 (9th Cir. 2006), In re Zick, 931 F.2d 1124, 1126 (6th Cir. 1991), In re Atlas Supply Corp., 857 F. 2d 1061, 1063 (5th Cir. 1988), In re Marra, 179 B.R. 782, 785 (M.D. Pa. 1995). The operative statute, §707(a), provides that a court may dismiss a case only after notice and a hearing, and only for cause. "By its use of the word 'may,' §707(a) imposes no mandate for the dismissal of any case, but reserves such outcome to the sound discretion of the court in those instances where cause is demonstrated." In re Oliver, 279 B.R. 69, 70 (Bankr. Conn, 2002) (holding that where the debtor died a few days prior to the § 341 meeting of creditors, the bankruptcy court had discretion to deny

6

dismissal and did so because the case trustee had other means available for obtaining the necessary information, and thus satisfied the purpose of §707(a) and Bankruptcy Rule 1016).

Section 707(a) does not articulate an exclusive list of factors a court is to consider in making a determination of whether cause exists for dismissing a bankruptcy case, or to limit the court's discretion. In re Zick, 931 F 2d 1124, 1126 (6th Cir. 1991),In re Atlas Supply Corp., 857 F. 2d 1061, 1063 (5th Cir., 1988), In re Horan, 304 B.R. 42, 48 (Bankr Ct, Conn 2004).   The bankruptcy court must balance the equities and consider the benefits and prejudice of dismissal. In re Blue,  4 B.R. 580, 584 (Bankr. Md.1980). See also In re Brown, 88 B.R. 280, 284 (Bankr. Haw.1988).  The court must make its determination by examination of the facts and circumstances presented, on a case by case basis. In re Owens, 155 Fed.Appx.42, 45 (2$^{d}$ Cir. 2005); In re Padilla, 222 F. 3d 1184, 1191 (9th Cir. 2000).  The burden for establishing cause is on the moving party, In re Simmons, 200 F. 3d 738, 743 (11th Cir. 2000), and that party must meet their burden by a preponderance of the evidence, In re Horan, 304 B.R. 42, 48 (Bankr. Conn. 2004).

### 3.  Discretion under Other Eligibility Provisions

The Supreme Court has made clear that the meaning of statutory language, plain or not, depends on context. In re Cortez, --F.3d --, 2006 WL 2023117, *4 (5th Cir. July 20, 2006) (quoting Brown v. Gardner, 513 U.S. 115, 118 (1994) (quoting King v. St.Vincent's Hosp., 502 U.S. 215, 221 (1991) (citing Shell Oil Co.v. Iowa Dep't of Revenue, 488 U.S. 19, 26 (1988))).  Although §109(h) is new, it is not unique. Subsection §109(g) is aimed at limiting the eligibility of repeat filers and is analogous to §109(h) in that it too emphatically dictates that an individual may not be a debtor if certain circumstances occurred in prior filings:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who been a debtor in a case pending under this title at any time in the preceding 180 days if –
> (1)    the case was dismissed by the court for willful failure of the debtor to abide by order of the court, or to appear before the court in proper prosecution of the case; or
> (2)    the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).  It is instructive that courts have exercised discretion in applying §109(g), and have held that not every case that fits all of the characteristics of this provision must be dismissed.  See  e.g., In re Luna, 122 B.R. 575, 577 (9th Cir. BAP 1991) (holding that §  109(g)(2) is discretionary and does not apply if mechanical application would lead to unwarranted results); In re Copman, 161 B.R. 821, 823-24 (Bankr. E.D. Mo.1993) (requiring a causal connection between the request for relief from stay and the voluntary dismissal); In re Hamm, 157 B.R. 137, 140 (Bankr. E.D.Mo. 1993); In re Santana, 110 B.R. 819, 821-22 (Bankr. W.D. Mich.1990).

### 4.  No Congressional Intent to Restrain Judicial Discretion in the Credit Counseling Requirements

When Congress amended the Bankruptcy Code through BAPCPA, it definitely circumscribed bankruptcy courts' discretion in certain situations. It used unambiguous terms such as "automatic dismissal" and "the court shall dismiss." For example, one new provision states "If the debtor fails to comply with [certain enumerated statutory directives], the Court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." See 11 U.S.C. §§521(e)(1)(B) [emphasis added]. Another BAPCPA created provision states ". . . if an individual debtor fails to file all the information . . . the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition. See 11 U.S.C. §521(i)[emphasis added]. It is significant that there is no such language restricting discretion in §109(h). This Court deduces that Congress did not intend to limit the courts' exercise of discretion under § 707(a) when determining a motion to dismiss based upon a credit counseling eligibility defect.

### 5. Courts May Exercise Discretion When Enforcing the Credit Counseling Requirements

Based upon its understanding of the rules of statutory construction, the Court concludes that it has authority to exercise discretion when determining whether to dismiss a case based upon a debtor's failure to meet the eligibility requirement of § 109(h) in cases where to decline to exercise discretion would result in manifest injustice, first, because judicial discretion is permitted under both other subsections of the eligibility statute and the statute that effectuates dismissal of chapter 7 cases and, second, because Congress has not specifically circumscribed judicial discretion in connection with the credit counseling requirements (as it has in other provisions of BAPCPA).

### B. Under the Totality of Circumstances Dismissal is Not Warranted

When exercising its discretion in connection with a motion under §707, a court must consider the totality of circumstances. Kornfield v. Schwartz, 164 F. 3d 778, 781 (2$^d$ Cir 1999). A totality of circumstances analysis, by definition, is subjective and varies from case to case. Certain criteria, however, seem essential when determining whether a case filed by debtor who did not establish all the criteria of §109(h) should be dismissed under §707(a). In this Court's judgment, the list of essential elements would include (1) whether the debtor filed the case in good faith, (2) whether the debtor took all reasonable steps to comply with the statutory requirements, (3) whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor[5], (4) whether the debtor's conduct meets the minimum requirements of §109(h), (5) whether any party would be prejudiced by allowing

---

[5] In § 521(e)(ii)(B) [set out above], Congress directed courts to dismiss an individual's bankruptcy case under certain circumstances but carved out an exception for the situation where "the failure to comply is due to circumstances beyond the control of the debtor." This suggests that to the extent courts may and do exercise discretion in enforcing provisions created by BAPCPA it is consistent with Congressional intent to classify circumstances beyond the debtor's control as a significant consideration.

8

the case to proceed, and (6) whether there are any unique equitable factors that tip the balance in one direction or the other.

### 1. Notwithstanding Eligibility Defects Under § 109(h), The Totality of Mr. Hess' Circumstances Do Not Justify Dismissal of His Case

Even though Mr. Hess did not file a certificate of pre-petition counseling, or fulfill the statutory prerequisites for an exemption, the U.S. Trustee concludes that "the United States Trustee does not believe dismissal of the case is appropriate under the facts presented. See doc. # 20.

In assessing the totality of circumstances Mr. Hess' case presents, the Court places great weight on the following undisputed facts: the Debtor attended a credit counseling session with an approved counseling agency within 180 days of filing his case, requested the requisite certificate, filed his case reasonably believing that he had complied with the pre-petition counseling requirements, attended a post-petition counseling session in order to obtain a certificate, and filed that certificate eleven days after filing his petition. The Court interprets the fact that the U.S. Trustee, in her independent review of the case, determined that dismissal of the case would not be appropriate under the facts presented, to support a finding that no creditor would be prejudiced by allowing the case to proceed. The Court finds the debtor's failure to comply with § 109(h) to be the result of circumstances that were extraordinary and beyond his control, namely that the credit counseling agency failed to articulate the distinction between "regular" credit counseling and the credit counseling sessions given to comply with the new bankruptcy law, and failed to issue a certificate showing that the Debtor had completed a credit counseling session pre-petition. The mandate of §109(h) is that the debtor obtain a particular type of pre-petition credit counseling. The Debtor, in good faith, complied with that requirement by going to an approved credit counseling agency and obtaining credit counseling before he filed his bankruptcy petition. Moreover, since the statute allows individuals to obtain bankruptcy relief if they complete credit counseling within 30 days of filing, and the debtor did that, the Court finds that the Debtor complied with the minimum requirements of §109(h). After a careful review of the totality of the circumstances presented, the Court finds strict enforcement of the plain language of the statute would result in manifest injustice, that it is therefore appropriate to exercise its discretion here, that there is not cause to dismiss the debtor's case and that this case should proceed, notwithstanding Mr. Hess' failure to meet all of the credit counseling requirements of §109(h).

Mr. Hess also filed a motion to extend the time by which to obtain the credit counseling to a date after he filed his case. In light of the Court's determination that the totality of the circumstances warrants an exemption, the motion to extend the deadline for obtaining the counseling is moot.

### 2. Notwithstanding Eligibility Defects Under § 109(h), The Totality of Ms. Madore's Circumstances Do Not Justify Dismissal of Her Case

Like Mr. Hess, Ms. Madore took all reasonable steps necessary to comply with the pre-petition counseling requirement but found that her petition was filed without the requisite pre-petition counseling as a result of acts and circumstances of others that were both beyond her control and extraordinary. Unlike the Hess case, though, the Madore case is the subject of a motion to dismiss by the U.S. Trustee. Therefore, the Court turns first to an analysis of whether the Debtor satisfied the criteria for an exemption from the pre-petition credit counseling requirement.

The first prong of the test requires proof of exigent circumstances that merit a waiver of the pre-petition counseling requirement. The exigent circumstances that caused Ms. Madore's case to be filed before she had completed the required counseling have their genesis in her attorney's suffering a grave, medical emergency. Generally if a debtor suffers adverse legal consequences as a result of an attorney error, the debtor's recourse is against the attorney, however, there are exceptions to that rule for law office failure, see In re Pioneer, 507 U.S. 380, 389-90 (1993) (finding attorney's inadvertent failure to file proof of claim within court's deadline constitutes "excusable neglect"), and for an attorney's dire medical conditions, see Thomas v. Murkerson, 2005 WL 3591958 (M.D. Ga. December 30, 2005) (counsel's failure to meet filing deadline due to medical condition and subsequent convalescence constituted "excusable neglect"); Ishay v. City of New York, 178 F. Supp. 2d 314, 317 (E.D. N.Y. 2001) (counsel's failure to timely file notice of appeal due to events of September 11, 2001 constituted "excusable neglect"). The dire medical condition of the Debtor's attorney is patently distinguishable from the usual circumstances that are articulated when a debtor claims that his or her attorney failed to fulfill a prerequisite to the relief sought, is well within the narrow exception carved out for catastrophic, extraordinary circumstances, and justifies an exercise of judicial discretion. There is no dispute that Attorney Stone suffered a catastrophic, life threatening illness that caused her to be out of her office for several months and unable to work for most of that time. It is hard to imagine any standard under which Attorney Stone's circumstances would not qualify as exigent. The statute does not specify that it be the debtor who suffered the exigent circumstances which are the putative condition precedent for an exemption and extension under §109(h); it requires only that the debtor submit a certification that describes exigent circumstances that merit a waiver of the pre-petition credit counseling requirement. Based upon clear language of the statute and the circumstances presented, the Court finds that the Debtor's attorney's exigent circumstances satisfy the first prong of §109(h)(3)(A).

The second prong appears to require that a debtor must request credit counseling prior to filing a petition, and may only file her petition without such counseling if she is not able to obtain the counseling within five days of her request. The record is clear that at some point the Debtor did request credit counseling and obtained that counseling four days after the petition was filed. The U.S. Trustee has not offered any

argument in support of dismissal that describes how the Debtor could have called for an appointment at least five days prior to filing her petition when she had no way to know the petition would be filed prematurely, i.e., before she brought in the credit counseling certificate. Nonetheless, the U.S. Trustee is correct that the Debtor has not complied with the procedural specifics of the second prong of exemption criteria in §109(h)(3)(A).

The third and final prong of this test requires that the Debtor file a certification in support of an exemption that is satisfactory to the court. Based upon the unique facts of this case and Attorney Stone's dire circumstances, the Court finds that the certification the Debtor filed in support of her motion for (a) an exemption from the requirement to obtain pre-petition counseling and (b) an extension of time to complete the counseling post-petition, is statutorily sufficient.

Since the Debtor did complete the counseling within 30 days of the filing of the petition, the Court specifically finds that the Debtor has also satisfied the requirements of §109(h)(3)(B), and rejects all arguments of the U.S. Trustee to the contrary.

Thus, the Court finds, first, that Ms. Madore did not satisfy the requirements of §109(h) because she failed to complete pre-petition counseling and to comply with the second prong of the exemption criteria in §109(h)(3)(A), second, that her failure to comply with this requirement was caused solely and directly by her attorney's medical circumstances, and third, that dismissal of Ms. Madore's case based upon her attorney's medical emergency would constitute manifest injustice. The Court finds that this is cause to decline to dismiss this case and to withdraw the Court's order to show cause.

Although this would also be a sufficient basis for denying the U.S. Trustee's motion to dismiss, the Court turns to the question of burden of proof to rule on the § 707(a) motion. The U.S. Trustee has the burden, under § 707(a), to show cause for dismissal that resulted from the Debtor's failure to meet all of the eligibility requirements of §109(h). The U.S. Trustee has not shown any prejudice to creditors or any of the other grounds articulated as "cause" in the dismissal statute, and relies solely on the Debtor's ineligibility under §109(h). In exercising its discretion and balancing the equities, the Court does not find the Debtor's failure to satisfy one prong of the three part test sufficient to outweigh the manifest injustice that would result from enforcing the statute under the facts and circumstances of this case.

In sum, the Court finds Ms. Madore filed her case in good faith, reasonably relied upon her attorney to file the certificate of credit counseling within the time period required by the new statute, failed to meet the requirements of §109(h) solely because of circumstances that were extraordinary and beyond her control, and met the goals of the statute. There is nothing in the record to indicate that Ms. Madore's unfortunate procedural misstep in connection with the credit counseling has caused any prejudice to her creditors. Lastly, with the consent of the U.S. Trustee, Ms. Madore has proceeded to participate in the required §341 meetings

11

and produce the documentation required by BAPCPA, which is a further equitable consideration that weighs in favor of granting the exemption, allowing the case to proceed and denying dismissal of her case.

## CONCLUSION

The plain language of §109(h) makes clear that, as a general rule, if an individual seeking bankruptcy relief fails to file proof of pre-petition bankruptcy counseling and does not fulfill all of the procedural requirements for either a waiver or exemption, her bankruptcy case will be dismissed. However, when, under the totality of circumstances, enforcing the plain language of §109(h) would be both manifestly unjust and inconsistent with settled law interpreting related provisions of the bankruptcy code, the Court may exercise its discretion, grant an exemption, deny dismissal, and allow the case to proceed.

Both Mr. Hess and Ms. Madore have established that (1) extraordinary circumstances caused them to file their bankruptcy cases without being in full compliance with the requirements of § 109(h), (2) those circumstances were beyond their control, (3) they filed their cases in good faith and took all reasonable steps to comply with the credit counseling requirements, (4) they have complied with the minimum requirements of §109(h) by obtaining the counseling within 30 days of filing their petitions, (5) they have attended §341 meetings of creditors and cooperated in the administration of their cases, and (6) allowing their cases to proceed will not prejudice any party. Moreover, the U.S. Trustee has not demonstrated that, under the totality of circumstances presented, there is cause for dismissal under § 707(a).

Accordingly, the Court withdraws its order to show cause in each case, grants each debtor an exemption from the pre-petition credit counseling requirement, and denies the U.S. Trustee's motion to dismiss Ms. Madore's case.

August 14, 2006  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

12